UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:21-cv-81270-DMM-WM

MORRIS FLANCBAUM and
SUSAN RIZZUTO,

    Plaintiffs,

v.

THE TYSON GROUP, INC.,
a California corporation,

    Defendant.
_____/

## PLAINTIFFS MORRIS FLANCBAUM AND SUSAN RIZZUTO'S MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR ENTRY OF FINAL JUDGMENT THEREON

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Plaintiffs, MORRIS FLANCBAUM and SUSAN RIZZUTO, by and through their undersigned counsel, move for entry of a Summary Judgment, and, thereupon, pursuant to Fed. R. Civ. P. 58(d), Plaintiffs' request entry of judgment against the Defendant, THE TYSON GROUP, INC. a California corporation.  The Plaintiffs have filed contemporaneously herewith their Statement of Material Facts (ECF 27).

### LEGAL STANDARD

    Summary judgment is appropriate when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). "An issue is 'genuine' when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof." *See Picardat v. City of Miami*, No. 15-cv-24305-GAYLES, 2017 WL 1251897 at * 1 (S.D. Fla. April 5, 2017) (citing *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014)). A "material" fact is one that, under the applicable law, might affect the outcome of the case. *See Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

*Flancbaum and Rizzuto v. The Tyson Group, Inc.*
Case No.: 9:21-cv-81270-DMM
Page 2

> summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A genuine dispute of material fact exists "when there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Jessup v. Miami-Dade County*, 440 Fed. App'x. 689, 691 (11th Cir. 2011) (quotation marks and citation omitted).

*Turner v. Charter Sch. USA, Inc.*, No. 18-20045-CIV, 2020 U.S. Dist. LEXIS 6989 at ** 11-12 (S.D. Fla. Jan. 14, 2020).

> When the nonmoving party bears the burden of proof at trial, the moving party can show either "that there is an absence of evidence to support the nonmoving party's case" or support its motion "with affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (citation omitted). "If the moving party shows the absence of a triable issue by either method, the burden on summary judgment shifts to the nonmoving party, who must show that a genuine issue remains for trial." *Id*. at 1438 (citations omitted). "If the nonmoving party fails to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof, the moving party is entitled to summary judgment." *Id*. (quotation marks and citation omitted).

*Id*. at 12-13.

> The Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the nonmoving party. *Ray v. Equifax Information Services, LLC*, 327 Fed. App'x 819, 825 (11th Cir. 2009). In order to defeat summary judgment, "the nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts, " *id*. at 825, and "must offer more than a mere scintilla of evidence for its position...." *Picardat v. City of Miami*, 2017 WL 1251897 at *1 (citation omitted). "If no reasonable jury could return a verdict in favor of the nonmoving party, there is no genuine issue of material fact and summary judgment will be granted." *Sada v. City of Altamonte Springs*, 434 Fed. App'x 845, 847 (11th Cir. 2011) (citation omitted).

*Id*. at 13.

"Authentication or identification of evidence is required as a condition precedent to its admissibility. The requirements of this section are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." § 90.901, Fla. Stat. Plaintiffs

have filed the original Convertible Promissory Note as Exhibit "A" to their Declaration in support of this motion (ECF 29). Plaintiff, MORRIS FLANCBAUM, has attested: (1) The Convertible Promissory Note is the same instrument Plaintiffs received from the he Maker, Defendant, THE TYSON GROUP, INC., in exchange for tendering the consideration of One Million Dollars ($1,000,000.00) on August 7, 2019, to the Maker, Defendant, THE TYSON GROUP, INC.; (2) Plaintiffs have continuously owned and held the Note; (3) Plaintiffs have not exercised and have relinquished the Conversion Privilege set forth in Section 2 of the Note; and (4) The Note has not been endorsed to any third party and is wholly owned by the Plaintiffs (ECF 29, ¶¶ 7-9).

## PROCEDURAL HISTORY

On July 21, 2021, Plaintiffs, MORRIS FLANCBAUM and SUSAN RIZZUTO, filed their one count Complaint against Defendant, THE TYSON GROUP, INC. a California corporation, seeking a money judgment based upon an unpaid Convertible Promissory Note ("Note") executed by the Defendant (ECF 1). On September 27, 2021, Plaintiffs filed the Declaration of Plaintiffs, MORRIS FLANCBAUM and SUSAN RIZZUTO, in support of Plaintiffs' Motion for Summary Judgment ("Plaintiffs' Declaration")(ECF 29).

Plaintiff MORRIS FLANCBAUM'S Declaration establishes this Court's diversity jurisdiction as required by 28 U.S.C. § 1332(a)(1) as this cause of action is for a sum in excess of $75,000.00, exclusive of interest and costs, between citizens of different states (ECF 29, ¶¶ 2-4).

The original Convertible promissory Note has been filed as Exhibit "A" to the Declaration of Plaintiff, MORRIS FLANCBAUM.

Section 1 of the Note provides for simple interest at 5.5% per annum on the unpaid principal balance. The Note matured August 15, 2020, without payment of principal or interest by or on behalf of the Defendant.

*Flancbaum and Rizzuto v. The Tyson Group, Inc.*
Case No.: 9:21-cv-81270-DMM
Page 4

On November 27, 2020, more than three (3) months after maturity date, Defendant paid Plaintiffs the sum of Five Hundred Thousand Dollars ($500,000.00), whereupon, after deducting the accrued interest to November 27, 2020, of Seventy-Two Thousand One Hundred Seventy-Eight Dollars and Eights Cents ($72,178.08), the principal balance due on the Note became Five Hundred Seventy-Two Thousand One Hundred Seventy-Eight Dollars and Eights Cents ($572,178.08) as of November 27, 2020.

Defendant paid $2,661.17 towards the interest accruing on the $572,178.08 principal from November 27, 2020, through January 15, 2021, and another $2,661.17 towards the interest accruing on the $572,178.08 from January 15, 2021, through February 15, 2021. As a result, as of June 4, 2021, the outstanding simple interest balance on the $572,178.08 totaled $10,972.98.

On June 4, 2021, Defendant paid accrued interest to date of $10,972.98, leaving a remaining principal balance of Five Hundred Seventy-Two Thousand One Hundred Seventy-Eight Dollars and Eights Cents ($572,178.08) plus penalty interest applicable under Section 16 of the Note.

The current principal balance due from Defendant as of the date of the Statement of Material Facts is Five Hundred Seventy-Two Thousand One Hundred Seventy-Eight Dollars and Eights Cents ($572,178.08)(ECF 29, ¶ 12).

Unpaid simple interest on the principal balance of the Note for the time period from June 4, 2021, through September 30, 2021 (118 days at $86.22 per day), is Ten Thousand One Hundred Seventy-Three Dollars and Ninety-Six Cents ($10,173.96) and daily interest of Eighty-Six Dollars and Twenty-Two Cents ($86.22) continues to accrue from September 30, 2021 (ECF 29, ¶ 16).

Section 16 of the Note states:

**OSHEROW, PLLC**
2101 N.W. Corporate Blvd., Suite 410
Boca Raton, FL 33431
Telephone: 561-257-0880
www.osherowpllc.com

*Flancbaum and Rizzuto v. The Tyson Group, Inc.*
Case No.: 9:21-cv-81270-DMM
Page 5

   **16. Penalty for Overdue Payment.** In addition to the payment due set forth herein, if the Holder has not received payment in full on or before its due date, Company will pay Holder a penalty of 5.5% of the Principal then due and owing compounded monthly until such time as the Principal and Interest have been paid in full

   As the Note matured August 15, 2020, and Defendant had paid no principal or interest through that date, the penalty provision became effective and the penalty sum of Fifty-Five Thousand Dollars and No Cents ($55,000.00) became due as of that date; on the fifteenth (15th) day of each month thereafter, commencing September 15, 2020, interest accrued on the penalty sum at the rate of 5.5% annual interest compounded monthly, which penalty interest totaled Fifty-Eight Thousand Three Hundred Sixty-Eight Dollars and Seventy-Four Cents ($58,368.74) as of September 15, 2021 (ECF 29, ¶ 18).

   As of September 30, 2021, the principal, interest and penalty due from the Defendant to the Plaintiffs is:

| | |
|---|---|
| Principal: | $572.178.08 |
| Interest: | 10,173.96 |
| Penalty: | 58,368.74 |
| Total | $640,720.78  [See ECF 29, ¶ 19] |

   After September 30, 2021, the simple interest is accruing at the rate of $86.22 per day on the unpaid principal balance of $572,178.08, and the penalty sum will increase to $58,368.74 on October 15, 2021, $58,905.01 on November 15, 2021, $59,174.99 on December 15, 2021, and $59,446.21 on January 15, 2022 (ECF 29, ¶¶ 20, 21).

   Section 5(a) of the Note states:

   5. Default. The entire unpaid principal of this Note and the interest then accrued on this Note shall become and be immediately due and payable upon written demand to the Company by the Holder of this Note, without any other notice or demand of any kind or any presentment or protest, if any one of the following events shall occur and be continuing at the time of such demand, whether voluntarily or involuntarily, or, without limitation, occurring or brought about by operation of law or pursuant to or in compliance with any

*Flancbaum and Rizzuto v. The Tyson Group, Inc.*
Case No.: 9:21-cv-81270-DMM
Page 6

judgment, decree or order of any court or any order, rule or regulation of any governmental body: (a) the Company fails to pay principal or interest under this Note when due[.]

Attached as Exhibit "B" to Plaintiff MORRI FLANCBAUM'S Declaration is the written demand for payment of the outstanding balance of the Note by July 1, 2021, served upon the Defendant.

Defendant, THE TYSON COMPANY, INC., a California corporation, has failed and refused to pay the outstanding principal balance plus accrued interest and penalty due as required by the Note.

Wherefore, Plaintiffs, MORRIS FLANCBAUM and SUSAN RIZZUTO, respectfully pray for the following relief:

1. That this Court will enter summary judgment in their favor against Defendant, THE TYSON COMPANY, INC., a California corporation,

    a. in the principal sum of Five Hundred Seventy-Two Thousand One Hundred Seventy-Eight Dollars and Eights Cents ($572,178.08);

    b. plus interest of Ten Thousand One Hundred Seventy-Three Dollars and Ninety-Six Cents ($10,173.96) and daily interest of Eighty-Six Dollars and Twenty-Two Cents ($86.22) from September 30, 2021; and

    c. penalty interest of $58,368.74 if judgment is entered from September 30, 2021 through October 14, 2021; or $58,636.26 if judgment is entered from October 15, 2021, through November 14, 2021; or $58,905.01, if judgment is entered from November 15, 2021 through December 14, 2021; or $59,174.99, if judgment is entered from December 15, 2021 through

*Flancbaum and Rizzuto v. The Tyson Group, Inc.*
Case No.: 9:21-cv-81270-DMM
Page 7

>     January 14, 2022; or $59,446.21, if judgment is entered from January 15, 2022 through February 14, 2022;
>
>   d. plus taxable costs

2. Plaintiffs request that, upon entering the summary judgment against the Defendant in accordance with paragraph 1 above, the Court will direct the Clerk to enter judgment against Defendant, THE TYSON COMPANY, INC., a California corporation.

Dated: September 27, 2021.

>  Respectfully submitted,
>
>  **OSHEROW, PLLC**
>  *Counsel for Plaintiffs*
>  2101 N.W. Corporate Blvd.
>  Suite 410
>  Boca Raton, Florida 33431
>  Telephone: (561) 257-0880
>
>  By:  s/ *Mark R. Osherow*
>  **MARK R. OSHEROW**
>  Florida Bar No: 997013
>  mark@osherowpllc.com
>  eservice@osherowpllc.com
>  **KENYETTA N. ALEXANDER**
>  Florida Bar No: 36815
>  kenyetta@osherowpllc.com
>  eservice@osherowpllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of September 2021, a true and correct copy of the foregoing was served through the District Court's CM/ECF portal on all counsel of record on the Service List below.

## SERVICE LIST

Brett M. Amron, Esq.
Lissette M. Carreras, Esq.
Bast Amron LLP
Sun Trust International Center
One SE 3rd Ave., Suite 1400, Miami, FL 33131
Email: bamron@bastamron.com
        lcarreras@bastamron.com
        kjones@bastamron.com

By: s/*Mark R. Osherow*
**MARK R. OSHEROW**,
Florida Bar No.: 997013