UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-cv-81270-MIDDLEBROOKS

MORRIS FLANCBAUM, et al.,

    Plaintiffs,

v.

THE TYSON GROUP, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss for Lack of Jurisdiction, Improper Venue, and, in the Alternative, to Transfer Venue ("Motion to Dismiss"), filed on August 27, 2021. (DE 19). The Motion is fully briefed. (DE 25; DE 30). For the following reasons, Defendant's Motion to Dismiss is granted.

**I.    BACKGROUND**

Plaintiffs initiated this single-count case on July 21, 2021, alleging that Defendant breached a Promissory Note (the "Note") the Parties executed on July 30, 2019. (DE 1). Plaintiffs are both citizens of Florida, and Defendant is a citizen of California. (*Id.* at ¶¶ 1–3). Prior to executing the Note, Plaintiffs met with Defendant's representative in El Segundo, California, and Defendant executed the note in California. (DE 19 at ¶¶ 10, 13). Pursuant to the Note, funds were disbursed from Plaintiffs' bank account in Florida to Defendant's bank account in California. (*Id.* at ¶ 20). On June 3, 2021, Plaintiffs demanded the payment due under the Note. (DE 1-2). Partial payment was made to Plaintiffs' bank in Florida, but Defendant still owes in excess of $500,000 on the Note, plus interest. (DE 25 at 1–2)

Defendant now moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction and improper venue, or, alternatively, to transfer this case to the Central District of California. (DE 19). In support, Defendant alleges that there is no basis for jurisdiction under Florida's long-arm statute because the Note requires performance in California, and, in any event, Defendant does not have sufficient minimum contacts with Florida to satisfy the Due Process Clause of the Fourteenth Amendment. (*Id.* at 1). Plaintiffs respond that the Note is silent as to the place of performance and partial payment was made to Plaintiffs at their residence in Florida, making Florida the place of performance of the Note. (DE 25 at 3). According to Plaintiffs, because the Note required performance in Florida, Defendant purposefully availed itself of Florida law and this Court's exercise of personal jurisdiction over it satisfies both the Florida long-arm statute and the Due Process Clause. Because I conclude that Defendant, while subject to jurisdiction pursuant to Florida's long-arm statute, does not have sufficient contacts with Florida to satisfy the Due Process Clause, Defendant's Motion to Dismiss is granted.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of a claim when the court lacks personal jurisdiction over a defendant. *See* Fed. R. Civ. P. 12(b)(2). "A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). The Eleventh Circuit has described the standard for satisfying the prima facie case as the presentation of "enough evidence to withstand a motion for directed verdict." *E.g., Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

"When a defendant challenges personal jurisdiction 'by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Mosseri*, 736 F.3d at 1350 (quoting *Madara*, 916 F.3d at 1514). At that stage, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Polski Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 972 (11th Cir. 1986) (internal citation omitted). I must "accept[] as true all unchallenged facts in the plaintiff's complaint." *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364 (11th Cir. 2021). "To the extent that 'the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, [I] must construe all reasonable inferences in favor of the plaintiff.'" *Id.* at 1364 (quoting *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249 (11th Cir. 2010)). However, I need only consider "specific factual declarations within the affiant's personal knowledge," and not "statements . . . [which] are in substance legal conclusions." *Posner v. Essex Ins. Co. Ltd.*, 178 F.3d 1209, 1215 (11th Cir. 1999) (per curiam).

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203 (11th Cir. 2015). "Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant." *Madara*, 916 F.2d at 1514 (citations omitted).

Florida's long-arm statute provides two ways in which a defendant can be subject to personal jurisdiction. *Carmouche*, 789 F.3d at 1203–04. "[F]irst, section 48.193(1)(a) lists acts that subject a defendant to specific personal jurisdiction—that is, jurisdiction over suits that arise out

3

of or relate to a defendant's contacts with Florida." *Id.* at 1204 (citing Fla. Stat. § 48.193(1)(a)). "[S]econd, section 48.193(2) provides that Florida courts may exercise general personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in 'substantial and not isolated activity' in Florida." *Id.* (quoting § 48.193(2)). "If there is a basis for the assertion of personal jurisdiction under the state statute, [I] next determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Madara*, 916 F.2d at 1514 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (additional citations omitted).

### III. DISCUSSION

#### A. Florida Long-Arm Statute

Under Florida's long-arm statute, specific jurisdiction can only be exercised over a defendant in causes of action that "aris[e] from" a list of enumerated acts. § 48.193(1)(a). And Florida's long-arm statute is strictly construed. *Sculptchair, Inc., v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) (applying Florida law). If the long-arm statute applies, I must then consider whether the exercise of specific jurisdiction over Defendant would comport with Due Process (as this constitutional standard is analyzed within the context of a specific jurisdiction analysis). *Carmouche*, 789 F.3d at 1203.

In their response to Defendant's Motion to Dismiss, Plaintiffs argue that this Court has specific jurisdiction over Defendant under § 49.193(1)(a)(7) because Defendant "[b]reach[ed] a contract in this state by failing to perform acts required by the contract to be performed in this state." (DE 25 at 5). According to Plaintiffs, the Note does not identify a place of performance and, because the payment provision of the Note is silent, Florida law presumes that a debt is paid

4

at the creditor's residence or place of business. (*Id.*); *see Global Satellite Communication Co. v. Sudline*, 849 So.2d 466, 468 (Fla. 4th DCA 2003) ("Florida courts have consistently held that where the contract is silent as to place of payment, it is presumed to be the place of residence of the payee."). Defendant argues that the Note designates El Segundo, California as the place of performance of the Note because the legend of the Note includes a line that reads "El Segundo, California." (DE 19 at 4). Defendant further posits that this is consistent with other portions of the Note that contemplate some action being performed in California, such as the conversion option provision and the transfer or exchange provision. (*Id.*).

Drawing all inferences in Plaintiffs' favor, I conclude that the Note is ambiguous as to the place of performance, and, under Florida law, payment of the note was therefore due to Plaintiffs' bank in Florida. By failing to pay Plaintiffs the amount owed under the Note, Defendant breached its contract with Plaintiffs, and because the contract required performance in Florida, this constitutes a sufficient nexus to the forum state for the exercise of specific personal jurisdiction over Defendant pursuant to Florida's long-arm statute. § 49.193(1)(a)(7).

### B. Due Process Clause

However, the inquiry does not end here, as Defendant must also have sufficient minimum contacts with Florida such that this Court's exercise of personal jurisdiction over it comports with the Due Process Clause.

Courts apply a three-part due process test in evaluating whether there is specific personal jurisdiction over a defendant: "(1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's law; and (3) whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Mosseri*, 736 F.3d at 1355. The plaintiff

5

bears the burden of establishing the first two elements before the defendant is required to make a "compelling case" regarding the third element. *Id.*

"Where a forum seeks to assert specific personal jurisdiction over a nonresident defendant, due process requires the defendant have 'fair warning' that a particular activity may subject him to the jurisdiction of a foreign sovereign." *Madara*, 916 F.2d at 1516 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). "This fair warning requirement is satisfied if the defendant has 'purposefully directed' his activities at the forum, [] and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Id.* (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *Burger King*, 471 U.S. at 472). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the state." *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (citation omitted). To have "sufficient minimum contacts" with a forum, "the defendant's *suit-related conduct* must create a substantial connection with the forum State." *Id.* at 284 (emphasis added). Significantly, "[w]hen there is no connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017) (quoting *Goodyear*, 564 U.S. at 919).

Here, Plaintiffs argue that Defendant purposefully availed itself of Florida law by entering into a contract with Florida residents; disbursing funds to a Florida bank; and sending its representatives to Florida to meet with Plaintiffs to discuss securing additional loans beyond the Note. (DE 25 at 7–8). Defendant responds that the contacts Plaintiffs have identified are insufficient to subject it to personal jurisdiction in Florida under binding Eleventh Circuit law. (DE 25 at 4–8).

I agree with Defendant that the contacts Plaintiffs have identified are insufficient to subject it to personal jurisdiction in Florida under binding precedent. *Sea Lift, Inc. v. Refinadora Cosarricense de Petroleo, S.A.* is instructive. In that case, a Florida company sued a foreign Defendant to collect money owed under an Agreement—almost the exact factual scenario presented here. 792 F.2d 989, 992 (11th Cir. 1986). The Eleventh Circuit held that the existence of a contract between a foreign defendant and a resident of the forum state does not "automatically amount to purposeful availment" because a contract "is 'ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction.'" *Id.* at 993 (quoting *Burger King*, 471 U.S. at 479). The Eleventh Circuit then considered what, beyond a bare contract, constitutes "purposeful availment" of a forum state and concluded that "a meeting in the forum state . . . if it involves 'significant negotiations of important terms,'" or "a direct solicitation by a foreign defendant of the business of a forum resident" likely suffices to satisfy the Due Process Clause. *Id.* The Court also concluded that a choice-of-law provision is indicative of whether a Defendant intended to avail itself of the benefits and protections of the forum's laws, but that "[t]he actual mailing of payments to the forum state [does] not weigh heavily in this determination," nor does a "presumptive duty regarding place of payment under forum law." *Id.* at 994. The Court concluded there that the defendant had not purposefully availed itself of the benefits and protections of Florida law and, as a result, the district court did not have personal jurisdiction over the defendant.

Applying the Eleventh Circuit's reasoning in *Sea Lift* to the facts presented here, I conclude that Defendant has not purposefully availed itself of the benefits and protections of Florida law and is not subject to personal jurisdiction in this forum. The contacts that Plaintiffs offer in support of jurisdiction—(1) the existence of a contract with a Florida resident; (2) the disbursement of

7

funds to a Florida bank; and (3) meetings between Plaintiffs and representatives of Defendant "to seek additional loans from Plaintiff[s]" after the execution of the Note—fall short. (DE 25 at 2, 8). As to the first two contacts Plaintiffs identify, *Sea Lift* expressly held that a contract with a Florida resident is not, by itself, sufficient to demonstrate purposeful availment and that disbursement of funds to the forum state does not weigh heavily in the analysis. *Sea Lift*, 792 F.3d at 993. The Note included a choice-of-law provision stating that California law governs, which further suggests that Defendant did not intend to avail itself of Florida law. (DE 1-1 at 5).

Moreover, none of the facts that the Eleventh Circuit has suggested support a finding of purposeful availment are present here. The Parties did not meet in Florida to negotiate the significant terms of the Note; indeed, the Parties agree that Defendant's representatives did not come to Florida until *after* the Note was executed to try to secure additional funding from Plaintiffs and that the Note itself was negotiated when Plaintiffs were visiting California. (DE 25 at 2; DE 30 at 3). Nor have Plaintiffs alleged that Defendant solicited their business in Florida or otherwise conducted any business in the state.

In short, Defendant is not a citizen of Florida, does not do business in Florida, and has not availed itself of the benefits and protections of Florida law. Defendant's only contacts with Florida—entering into a contract with Florida residents, disbursing funds to a Florida bank, and meeting with Plaintiffs in Florida *after* the Note had been executed—are insufficient to satisfy the Due Process Clause of the Fourteenth Amendment. This Court does not have personal jurisdiction over Defendant, and, as a result, Defendant's Motion to Dismiss is granted.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Dismiss (DE 19) is **GRANTED**.

(2) The Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE**.

(3) The Clerk of Court shall **CLOSE THIS CASE**.

(4) All pending motions shall be **DENIED AS MOOT**.

**SIGNED** in Chambers at West Palm Beach, Florida, this ____ day of December, 2021.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record